IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNALE CLAY,<br><br>Defendant. | Case No. CR09-0005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of March, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Chatham. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On March 18, 2009, Defendant Donnale Clay was charged by Superseding Indictment (docket number 7) with distribution of crack cocaine (Count 1) and with being a felon in possession of firearms (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 18, 2009.

Cedar Rapids Police Officer Nathan Juilfs, who is currently assigned to the DEA task force, testified regarding the circumstances underlying the superceding indictment. During the evening of January 13, 2009, a confidential source called Defendant Donnale Clay and arranged for the purchase of crack cocaine. On the following morning, January 14, the confidential source and an undercover officer met with Defendant. Defendant delivered 4.8 grams of crack cocaine. The transaction was recorded.

On January 23, the undercover officer met with Defendant to purchase additional crack cocaine. After the money was exchanged, however, the undercover officer discovered that he had purchased soap. By that time, Defendant fled the scene.

Approximately one hour later, the Defendant was seen coming out of an apartment on 3rd Avenue SE in Cedar Rapids. When approached by police, Defendant initially tried to flee, but was apprehended. On Defendant's person, officers found 27 grams of marijuana and $455 in cash. Of that amount, $450 was preserialized money that had been used in the transaction one hour earlier.

Defendant's apartment was searched pursuant to a state search warrant. Officers found a Ruger .22 caliber handgun, a Raven Arms .25 caliber handgun, with an obliterated serial number and .25 caliber ammunition, and a 9mm Hi-Point rifle. According to Officer Juilfs, Defendant's name appears on the apartment lease and documents seized from the residence bore Defendant's name. After being *Mirandized*, Defendant admitted that it was his apartment and that everything in it belonged to him.

Defendant is 25 years old, has never been married, and has no children. Defendant was apparently raised in Minneapolis, Minnesota, but his mother and four half-siblings reside in Cedar Rapids. Defendant attended high school in Minneapolis until quitting in the 11th grade. Defendant does not have any significant medical or mental health issues.

Defendant told the pretrial services officer that he began using marijuana and cocaine when he was 17 years old. Defendant admitted smoking marijuana on a regular basis and estimated his usage at "every other day." Defendant denied using cocaine on a regular basis, but uses it every "once in a while." In 2005, Defendant attended a 21-day inpatient program in Minneapolis, following by an intensive outpatient program.

According to the pretrial services report, Defendant has three prior drug-related convictions, including a felony drug conviction in Minnesota in 2005. Defendant also has three prior convictions for assaultive behavior. In 2006, Defendant was convicted in Linn County, Iowa for eluding. Also in 2006, Defendant was extradited to Minnesota pursuant to a warrant issued in that state for probation revocation. The pretrial services report indicates that "the defendant failed to comply with his probation conditions by failing to submit to drug testing, providing a positive drug test, and failing to remain in contact with

his probation officer. In addition, at some point, the defendant's whereabouts were unknown."

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of crack cocaine and with being a felon in possession of firearms, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

3

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distribution of crack cocaine and possession of firearms as a felon. The controlled purchase of crack cocaine which gives rise to Count 1 was witnesses by an undercover officer and recorded. Regarding Count 2, after being *Mirandized*, Defendant told officers that the apartment was his and he owned everything in it. Accordingly, the "weight of the evidence" would appear to be strong. While Defendant has some ties to this community, he was apparently raised in Minnesota and lived there for some time as an adult. Defendant has a number of prior drug convictions, including one felony. In addition, Defendant has multiple

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distribution of crack cocaine and possession of firearms as a felon. The controlled purchase of crack cocaine which gives rise to Count 1 was witnesses by an undercover officer and recorded. Regarding Count 2, after being *Mirandized*, Defendant told officers that the apartment was his and he owned everything in it. Accordingly, the "weight of the evidence" would appear to be strong. While Defendant has some ties to this community, he was apparently raised in Minnesota and lived there for some time as an adult. Defendant has a number of prior drug convictions, including one felony. In addition, Defendant has multiple

convictions for abusive conduct. Defendant failed to comply with probation in Minnesota and absconded to Iowa. Coincidently, Defendant was apparently discharged from probation earlier on the morning of the transaction which gives rise to Count 1.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 19, 2009) to the filing of this Ruling (March 24, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 24th day of March, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA