# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-05-LRR |
| vs. | **ORDER** |
| DONNALE C. CLAY, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is the sentencing of Defendant Donnale C. Clay.

## II. RELEVANT PRIOR PROCEEDINGS

On March 18, 2009, a grand jury returned a two-count Superseding Indictment (docket no. 7) against Defendant. Count 1 charged Defendant with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 851. Count 2 charged Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment also contains a forfeiture allegation.

On May 4, 2009, Defendant appeared before United States Magistrate Judge Jon Stuart Scoles and pled guilty to Counts 1 and 2 of the Superseding Indictment. On May 19, 2009, the undersigned accepted Defendant's guilty plea.

On August 4, 2009, the United States Probation Office ("USPO") prepared a Presentence Investigation Report ("PSIR") (docket no. 42). On September 24, 2009, the USPO released a Revised PSIR (docket no. 46). On November 12, 2009, the USPO released a Second Revised PSIR (docket no. 59). On November 6, 2009, Defendant filed a Sentencing Memorandum (docket no. 57). On the same date, the government filed a Sentencing Memorandum (docket no. 58). On December 2, 2009, the court held a sentencing hearing ("Hearing"). Special Assistant United States Attorney Daniel Chatham

appeared for the government. Attorney David Mullin represented Defendant, who was personally present. The court reserved ruling on Defendant's sentencing.

## III. ANALYSIS

One of the issues in Defendant's sentencing is whether Defendant's base offense level under the advisory Sentencing Guidelines is **14** or **20**. This decision turns on whether Defendant's prior conviction for Attempting to Elude a Law Enforcement Officer ("Eluding"), in violation of Iowa Code § 321.279(2), is a crime of violence.

### A. Crime of Violence

The government argues that Defendant's base offense level should be **20** pursuant to USSG §2K2.1(a)(4), which provides for a base offense level of **20** if: "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG §2K2.1(a)(4)(A). Defendant argues that this provision does not apply, and that Defendant's base offense level is **14** pursuant to USSG §2K2.1(a)(6)(A).

A "crime of violence," for purposes of USSG §2K2.1(a)(4), is defined as:

>   (a)    . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>   (1)    has as an element the use, attempted use, or threatened use of physical force against the person or another, or
>
>   (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2.

### B. Iowa's Eluding Statute

On July 21, 2006, Defendant was convicted of Eluding under Iowa Code § 321.279(2). The Iowa Code criminalizes eluding or fleeing from a peace officer in three ways:

1. The driver of a motor vehicle commits a serious misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop. . .

2. The driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more.

3. The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:

    a. The driver is participating in a public offense that . . . is a felony

    b. The driver is in violation of section 321J.2 [Operating While Under the Influence of Alcohol or a Drug or While Having an Alcohol Concentration of .08 or More] or 124.401 [Manufacture, Possession, or Delivery of Controlled Substances or Counterfeit or Simulated Substances].

    c. The offense results in bodily injury to a person other than the driver.

Iowa Code § 321.279.

The parties do not dispute that Defendant sustained the Eluding conviction prior to committing the instant offense. The parties also do not dispute that the Eluding conviction

is a "felony" for purposes of USSG §2K2.1(a)(4)(A). The remaining issue is whether Defendant's conviction under Iowa Code § 321.279(2) constitutes a "crime of violence."

## C. Consideration of Prior Offense

In deciding whether Eluding is a crime of violence, the court "consider[s] the offense generically, that is to say, [the court must] examine it in terms of how the law defines the offense and not in terms of how an individual offender may have committed it on a particular occasion." *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008) (referencing the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005)). When a court must determine which part of a multi-pronged statute a defendant violated, judicial fact-finding with respect to the prior conviction "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26 (endorsing a modified categorical approach). Further, the court is "bound by cases interpreting whether an offense is a crime of violence under the [advisory Sentencing] Guidelines as well as cases interpreting whether an offense is a violent felony under the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B), because the two definitions are nearly identical. *United States v. Williams*, 537 F.3d 969, 971-72 (8th Cir. 2008); *United States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992) (Breyer, C.J.).[1]

Eluding under Iowa Code § 321.279(2) does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §4B1.2(a)(1). It is not "burglary of a dwelling, arson, or extortion" nor does it "involve[] the use of explosives." USSG §4B1.2(a)(2). Therefore, Defendant's Eluding conviction

---

[1] Section 4B1.2 substitutes "burglary of a dwelling" for "burglary" in the ACCA's list of example crimes.

4

only qualifies as a "crime of violence" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

### 1. Kluge

The USPO relied on the court's decision in *United States v. Kluge*, 635 F.Supp.2d 924, 934 (N.D. Iowa 2009) (Reade, C.J.), to conclude that Eluding under Iowa Code § 321.279(2) is a crime of violence. *Kluge* is distinguishable. In *Kluge*, the defendant was convicted under Subdivision 3 of Iowa's Eluding Statute, not Subdivision 2. *Id.* at 930-31. The undersigned found that Eluding under Iowa Code § 321.279(3) is "more akin to actively escaping from custody . . . . Thus, [the defendant's] prior felony conviction for Eluding falls within the scope of the 'otherwise' clause and is a 'crime of violence.'" *Id.* at 934.

### 2. *Defendant's authority*

The court now turns to consider other relevant case law. Defendant asserts that *United States v. Tyler*, 580 F.3d 722 (8th Cir. 2009), requires the court to find that Eluding under Iowa Code § 321.279(2) is not a crime of violence. In *Tyler*, the defendant had a prior conviction under Minnesota Statutes § 609.487(3) for fleeing a peace officer in a motor vehicle. *Tyler*, 580 F.3d at 723. The Minnesota statute defines fleeing as "increas[ing] speed, extinguish[ing] motor vehicle headlights or taillights, refus[ing] to stop the vehicle[] or us[ing] other means with intent or attempt to elude a peace officer. . . ." Minn. Stat. § 609.487 subd. 1. Subdivision 3 of the Minnesota statute states: "[w]hoever by means of a motor vehicle flees or attempts to flee a peace officer who is acting in lawful discharge of an official duty, and the perpetrator knows or should reasonably know the same to be a peace officer, is guilty of a felony . . . ." Minn. Stat. § 609.487 subd. 3. Subdivision 4 of the Minnesota statute states:

> Whoever flees or attempts to flee by means of a motor vehicle a peace officer who is acting in the lawful discharge of an official duty, and the perpetrator knows or should reasonably know the same to be a peace officer, and who in the course of

5

> fleeing causes the death of a human being . . . or any bodily
> injury to a person other than the perpetrator may be sentenced
> to imprisonment . . .

Minn. Stat. § 609.487 subd. 4.

The district court ruled that Tyler's conviction under Subdivision 3 constituted a crime of violence. The Eighth Circuit Court of Appeals disagreed and held that fleeing a peace officer under Subsection 3 was not a crime of violence. *Tyler*, 580 F.3d at 725. The court noted that the Minnesota statute defining fleeing from a peace officer "contains a separate subdivision that criminalizes the act of fleeing a peace officer in a motor vehicle when it causes 'death . . . or any bodily injury to a person other than the perpetrator.'" *Id*. Defendant argues that Iowa's Eluding statute is similar to Minnesota's, because both statutes have a separate subdivision addressing fleeing or eluding that actually causes injury. However, in *Tyler*, the Eighth Circuit noted that "[n]either high speed nor reckless driving is a statutory element of Minn. Stat. § 609.487 subd. 3." *Id*. In contrast, high speed is an element of Iowa Code § 321.279(2). Therefore, *Tyler* is not directly on point.

### 3. *Government's authority*

The government argues that *United States v. Hudson*, 577 F.3d 883 (8th Cir. 2009), and *United States v. Richardson*, 581 F.3d 824 (8th Cir. 2009), require the court to find that Eluding under subdivision 2 is a crime of violence. Both cases involve resisting, evading and/or eluding a peace officer. In *Hudson*, the defendant was convicted under Missouri's resisting arrest statute. *Hudson*, 577 F.3d at 884. An element of this statute is that the fleeing must "create[] a substantial risk of serious physical injury or death." Mo. Rev. Stat. § 575.150.5. *Richardson* involved a Kansas statute that "only [a]rises to the level of a felony in the presence of one or more qualifying risk factors." *Richardson*, 581 F.3d at 826 (citing Kans. Stat. Ann. § 8-1568). The qualifying risk factor in *Richardson* was that the defendant, while eluding, was "involved in [a] motor vehicle accident or intentionally cause[d] damage to property." Kan. Stat. Ann § 8-1568(b)(1)(D). In both cases, the Eighth Circuit Court of Appeals held that the fleeing or eluding convictions were

6

crimes of violence. *Hudson*, 577 F.3d at 886; *Richardson*, 581 F.3d at 826. The government argues that the Iowa statute, like the Kansas and Missouri statutes, has an aggravating factor—namely, meeting or exceeding 25 miles per hour over the speed limit, and that therefore, *Hudson* and *Richardson* control. The nature of the aggravating factor, however, is different in this case. In *Hudson* and *Richardson*, the statutes required either a risk of injury or a risk of a motor vehicle accident. Therefore, these cases are not directly on point.

The court finds that Iowa Code § 321.279(2) falls somewhere between Minn. Stat. § 609.487 subd. 3, at the less violent end, and Mo. Rev. Stat. § 575.150.5 and Kan. Stat. Ann § 8-1568(b)(1)(D), at the more violent end. The issue, therefore, is to decide to which Defendant's prior conviction is most similar. The element that makes Iowa Code § 321.279(2) more violent than Minn. Stat. § 609.487 subd. 3 is the speed requirement. Under Iowa Code § 321.279(2), a defendant must meet or exceed twenty-five miles over the speed limit while Eluding. Iowa Code § 321.279(2) is less violent than the Missouri and Kansas statutes, because risk of injury or of a motor vehicle accident is not an element.

### 4. Harris

The court finds the analysis from the Eleventh Circuit Court of Appeals helpful on this issue. The Eleventh Circuit Court of Appeals held that a Florida eluding statute constituted a crime of violence in *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009). The statute at issue in *Harris* provides:

> (3) [a]ny person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
>
> (a) Drives at a high speed, or in any manner which demonstrates a wanton disregard for the safety

>of persons or property, commits a felony in the
>second degree. . . .

Fla. Stat. § 316.1935.

The court reasoned that a conviction under this statute constitutes a crime of violence:

>the nature of callousness to risk evinced in [a conviction under the Florida eluding statute] that requires as an element of the crime fleeing at *high speed* or a *wanton disregard for safety*, more closely resembles the characteristics of a burglar committing a crime, aware that violence might ensue, or of an arsonist using fire as a weapon, even without the intent of burning someone, than does merely fleeing from police.

*Harris*, 586 F.3d 1287-88 (emphasis in the original).

The court finds *Harris*'s reasoning persuasive. "Merely fleeing from police" seems to describe Minn. Stat. § 609.487 subd. 3. In contrast, "[f]leeing at a high speed" describes Iowa Code § 321.279(2). Fleeing at a high speed, by its nature "presents a serious potential risk of physical injury to another." USSG §4B1.2.

### 5. *Summary*

Accordingly, the court finds that a conviction under Iowa Code § 321.279(2) is a violent felony. The court shall hold that Defendant's base offense level is **20**. USSG §2K2.1(a)(4)(A).

## *IV. DISPOSITION*

The court shall resume the Hearing on **January 22, 2010** at **3:00 p.m.** At the Hearing, the court shall hold that Defendant's base offense level is **20**, pursuant to USSG §2K2.1(a)(4)(A). The court shall sentence Defendant in a manner consistent with the instant Order.

**IT IS SO ORDERED.**

**DATED** this 4th day of January, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA